# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN S. GONDOR | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 19-CV-5768 |
| | : | |
| MICHAEL CHITWOOD | : | |

## MEMORANDUM

**Savage, J.**                                                                                    **September 10, 2020**

Plaintiff John Gondor, an inmate at the George W. Hill Correctional Facility, has filed a Complaint pursuant to 42 U.S.C. § 1983 arising out of his October 2, 2019 arrest and related imprisonment. He also seeks to proceed *in forma pauperis*. Because it appears that he is not capable of paying the fees to commence this civil action, we shall grant him leave to proceed *in forma pauperis*. We shall dismiss his Complaint without prejudice and grant him leave to file an amended complaint.

### *Factual Allegations*

Gondor named five members of the Upper Darby Township Police Department as defendants in his sparse and vague Complaint. They are Michael Chitwood; Daniel Oliveri; Louis Garray; Richard Howell; and Michael Murphy. The basis of his claims are contained in a single paragraph that states:

> I was walking on Midway Ave and a police officer knocked me down to the ground. My knee was scraped. I was taken to the Upper Darby Police and I encountered a police officer who had previously assaulted me. I made a reference to the police officer. Officer Daniel Oliveri falsified information in a police affidavit to justify a warrantless arrest. Officer Howell and Garray took me to the [precinct] for a warrantless arrest.[1]

---

[1] Compl. at 3 (Doc. No. 2).

Gondor alleges that the events giving rise to his claims occurred on October 2, 2019.[2] He claims to have sustained bruises on his knee, for which he did not receive medical treatment.[3] Gondor "want[s] the officers to be made criminally liable" and seeks damages to compensate him for money he "lost to false incarceration", the value of which he estimates to be between $80,000 and $5 million.[4]

### *Standard of Review*

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), we must dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* Because Gondor is proceeding *pro se*, we construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### *Discussion*

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*,

---

[2] *Id.* at 2.

[3] *Id.* at 3.

[4] *Id.* at 5.

487 U.S. 42, 48 (1988).  Vicarious liability does not apply in a § 1983 action.  *Iqbal*, 556 U.S. at 676.  To be liable, a defendant must have personal involvement in the alleged wrongs.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Liberally construing the Complaint, we understand Gondor to be raising Fourth Amendment claims for false arrest, false imprisonment and excessive force.  To state a claim for false arrest and false imprisonment under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause.  *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995).  "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested."  *Id.* at 483.

Here, Gondor's false arrest and false imprisonment claims fail because he has not pled sufficient facts about the events giving rise to his claims to establish either a constitutional violation or the personal involvement of some of the defendants.  He has not stated why he was arrested, what the charges were, why probable cause was lacking for his arrest, or what information was falsified in the relevant police affidavit.[5]  Accordingly, he has not stated a plausible claim for false arrest or false imprisonment against Oliveri or any other defendant.  *See Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (per curiam) (explaining that, to the extent plaintiff was asserting claims for false arrest and imprisonment, "[plaintiff] needed to point to facts suggesting that Defendant Thompson lacked probable cause to believe he had committed the offense for which he was arrested").  Further, Gondor has not raised any allegations about Michael

---

[5]  *Id.* at 3.

Chitwood and Michael Murphy's involvement. His allegations against Howell and Garray are limited to one conclusory sentence — *i.e.,* they "took [Gondor] to the [precinct] for a warrantless arrest". Hence, he fails to support a plausible claim against them.[6]

Gondor has also failed to state an excessive force claim. "[C]laims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard[.]" *Graham v. Connor*, 490 U.S. 386, 395 (1989); see also *Santini v. Fuentes*, 795 F.3d 410, 417 (3d Cir. 2015) ("In an excessive force case, we determine whether a constitutional violation has occurred using the Fourth Amendment's objective reasonableness test.") (citing *Graham*, 490 U.S. at 395). "Courts determine whether the force used is 'objectively reasonable' based on the totality of the circumstances, . . . and certain factors, including: 'the facts and circumstances of each particular case, . . . the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Klein v. Madison*, 374 F. Supp. 3d 389, 407 (E.D. Pa. 2019) (quoting *Graham*, 490 U.S. at 386)).

Gondor has not alleged that any of the Defendants used any force, let alone excessive force, on him. He claims only that an unidentified police officer knocked him to the ground, resulting in a scraped knee. Gondor does not allege that the named defendants participated in this use of force or engaged in other uses of force that caused

---

[6] Compl. at 3.

him injury. Accordingly, he has not stated a plausible excessive force claim against them.

## Conclusion

Because Gondor has not stated a claim, we shall grant him leave to proceed *in forma pauperis* and dismiss his Complaint. If Gondor believes he can cure the defects in his Complaint, he may file an amended complaint within thirty days. If he fails to do so, this action will be dismissed.